**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride (SBN 297557)
ryan@kazlg.com
2221 Camino del Rio South Suite 101
San Diego, CA 92108
Telephone: (805) 335-8455
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Mark J. Green (SBN 361513)
mark@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (805) 335-8455
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
ROGELIO CONTRERAS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**ROGELIO CONTRERAS,**

Plaintiff,

vs.

**JEFFERSON CAPITAL SYSTEMS, LLC; SHEPHERD OUTSOURCING, LLC;**

Defendants.

Case No.:

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**

1) **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *ET SEQ.*;**
2) **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, *ET SEQ.***

**JURY TRIAL DEMANDED**

KAZEROUNI LAW GROUP, APC

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
2. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.
3. ROGELIO CONTRERAS, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of JEFFERSON CAPITAL SYSTEMS, LLC ("JEFFERSON") and SHEPHERD OUTSOURCING, LLC ("SHEPHERD") (collectively, "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt alleged to be owed by Plaintiff, conduct which caused Plaintiff damages.
4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain directly to Plaintiff, which Plaintiff alleges based on personal knowledge.
5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.
6. All the conduct engaged in by Defendants took place in Fresno County, State of California.
7. Unless otherwise stated, Plaintiff alleges any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.
8. Unless otherwise indicated, the use of any Defendant's name in this Complaint

includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant named.

## JURISDICTION AND VENUE

9. This action arises out of Defendants' violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq*.

10. This Court has federal question subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, as Plaintiff alleges violations of a federal statute, the FDCPA.

11. The Court has personal jurisdiction over Defendants because Defendants conduct significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

12. Personal jurisdiction and venue are proper in the Eastern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (1) the conduct complained of herein arose within this District; and (2) Defendants conduct significant business in this District.

13. Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391 because:

   A. Defendants are authorized to conduct business in this district and have intentionally availed itself of the laws and markets within this District;

   B. Defendants do substantial business within this District;

   C. Defendants are subject to personal jurisdiction in this judicial district because Defendants have availed themselves of the laws and markets within this District; and

   D. The harm to Plaintiff occurred within this District.

///



KAZEROUNI LAW GROUP, APC

## PARTIES

14. Plaintiff is, and at all times relevant herein was, a natural person who resides in Fresno County, State of California.

15. Plaintiff is a natural person allegedly obligated to pay a debt and is, hence, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Plaintiff is a natural person from whom a debt collector sought to collect a debt covered under Cal. Civ. Code § 1788.2(m) and is, hence, a "debtor" pursuant to Cal. Civ. Code § 1788.2(h)(1).

17. Defendant JEFFERSON is a limited liability company organized under the laws of the State of Georgia, with its principal place of business located in Sartell, Minnesota.

18. Defendant SHEPHERD is a limited liability company organized under the laws of the State of South Carolina, with its principal place of business located in Greenville, South Carolina.

19. Defendants are each a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6),

20. Defendants are each "person[s]" pursuant to Cal. Civ. Code § 1788.2(g).

21. Defendants are each a person which, in the ordinary course of business, on behalf of itself or others, engages in debt collection and is hence a "debt collector" pursuant to Cal. Civ. Code § 1788.2(c).

22. Plaintiff is informed and believes, and thereon alleges, that Defendant SHEPHERD acted as an agent of Defendant JEFFERSON and, therefore, each can be held responsible and are vicariously liable for the conduct of one another. That is, Defendant JEFFERSON can be held responsible for the conduct of Defendant SHEPHERD, and vice versa. Plaintiff incorporates all theories of



KAZEROUNI LAW GROUP, APC

vicarious liability within this Complaint, including but not limited to *respondeat superior*.

## FACTUAL ALLEGATIONS

23. Prior to March 3, 2026, Plaintiff is alleged to have incurred certain financial obligations related to a personal loan with OneMain Financial, associated with account number ending 5666 (the "Debt").

24. This alleged financial obligation was primarily for personal, family, or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

25. This alleged financial obligation was alleged to be due and owing as a result of a consumer credit transaction and is, hence, a "consumer debt" pursuant to Cal. Civ. Code § 1788.2(f).

26. Sometime prior to March 3, 2026, Defendant JEFFRSON purchased or was assigned the Debt.

27. Beginning March 3, 2026, Defendant JEFFERSON began efforts to collect on the Debt, including by reporting the Debt on Plaintiff's credit report.

28. Sometime prior to June 19, 2026, on information and belief, Defendant JEFFERSON assigned the Debt to Defendant SHEPHERD for purposes of collection.

29. On or about June 19, 2026, Defendant SHEPHERD sent a debt collection message by email to Plaintiff's sister, a third-party and stranger to the debt. The June 2026 message was addressed "Dear Rogelio Jr (sic) Contreras" and included the Debt's original creditor, original account number, current creditor [Defendant JEFFERSON], Defendant JEFFRSON's reference number for the Debt (1016507153), and the balance thereof ($1,897.74).

30. On or about June 23, 2026, Defendant SHEPHERD sent a second debt collection message by email to Plaintiff's sister. The June 2026 message was addressed "Hello Rogelio Jr" and included the Debt's original creditor, original account



KAZEROUNI LAW GROUP, APC

number, current creditor [Defendant JEFFERSON], Defendant JEFFRSON's reference number for the Debt (1016507153), and the balance thereof ($1,897.74).

31. On or about July 1, 2026, Defendant SHEPHERD sent a third debt collection message by email to Plaintiff's sister. The June 2026 message was addressed "Hello Rogelio Jr" and included the Debt's original creditor, original account number, current creditor [Defendant JEFFERSON], Defendant JEFFRSON's reference number for the Debt (1016507153), and the balance thereof ($1,897.74).

32. On or about August 13, 2026, Defendant SHEPHERD sent a fourth debt collection message by email to Plaintiff's sister. The June 2026 message was addressed "Dear Rogelio Jr (sic) Contreras" and included the Debt's original creditor, original account number, current creditor [Defendant JEFFERSON], Defendant JEFFRSON's reference number for the Debt (1016507153), and the balance thereof ($1,897.74).

33. Plaintiff's sister, Ms. Mabel Contreras, did not participate in the creation of the Debt and derived no benefit from the Debt. At no point in time did Plaintiff authorize Defendant SHEPHERD or Defendant JEFFERSON to contact Ms. Contreras or otherwise provide her contact information to Defendants.

34. Ms. Contreras's email address contains her full first and last name, thus readily indicating that her email does not belong to Plaintiff.

35. On information and belief, Defendants were not attempting to ascertain Plaintiff's location information from Ms. Contreras, seeing as their emails were directed to Plaintiff and contained no such locational inquiry.

36. In sending debt collection correspondence containing details of the Debt including the creditor and balance allegedly owed, to Plaintiff's sister, a third-party and stranger to the Debt, without prior authorization, Defendants violated 15 U.S.C. § 1692c(b).



KAZEROUNI LAW GROUP, APC

37. In directing email communications to Plaintiff's sister, who had no connection with the Debt, Defendants engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with debt collection, in violation of 15 U.S.C. § 1692d.

38. To the extent Defendant JEFFERSON transmitted to Defendant SHEPHERD information representing Plaintiff's sister as an appropriate target for communications concerning the Debt or otherwise responsible for the Debt, Defendant JEFFERSON made a false, deceptive, or misleading representation in connection with debt collection, in violation of 15 U.S.C. § 1692e.

39. In Defendant JEFFERSON transmitting such inaccurate contact information and in Defendant SHEPHERD directing debt collection correspondence to a non-debtor, each Defendant used any false representation or deceptive means to attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10).

40. In revealing Plaintiff's information to a stranger to the Debt, in disclosing Plaintiff's sister's contact information without authorization, and by directing debt collection correspondence to Plaintiff's sister without authorization, Defendants used unfair or unconscionable means to attempt debt collection, in violation of 15 U.S.C. § 1692f.

41. To the extent Plaintiff alleges Defendants violated specific provisions of 15 U.S.C. § 1692d-f, Plaintiff equally alleges Defendants violated those sections in terms of their general application.

42. Each and every above-referenced violation by Defendants of 15 U.S.C. §§ 1692b-j, inclusive, equally violated the Rosenthal Fair Debt Collection Practices Act pursuant to Cal. Civ. Code 1788.17.

43. Furthermore, in communicating regarding a consumer debt to any members of the debtor's family prior to obtaining a judgment against that debtor, Defendants violated Cal. Civ. Code § 1788.12(b).

44. As a result of Defendant's above-described illegal conduct, Plaintiff suffered

actual damages in the form of mental anguish and emotional distress, which manifested in symptoms including but not limited to: stress, anxiety, worry, restlessness, irritability, embarrassment, loss of sleep, feelings of hopelessness, and helplessness impacting his job and personal relationships.

45. Specifically, Plaintiff was distressed to learn that details of the Debt had been disclosed to his sister, alarmed that Defendants would direct such communications to his sister, and anxious as to the unknown consequences and circumstances surrounding Defendants' unusual and harassing action.

## FIRST CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. § 1692, ET SEQ.

46. Plaintiff repeats, re-alleges, and incorporates by reference, all above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, *et seq*.

48. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## SECOND CAUSE OF ACTION

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)

### CAL. CIV. CODE § 1788, *ET SEQ.*

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

51. Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(c).

52. The previously described acts and omissions constitute numerous and multiple violations of the RFDCPA.

53. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant, and the Plaintiff be awarded damages from each Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant;
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a) against each Defendant;
- An award of statutory damages of $1,000, pursuant to Cal. Civ. Code § 1788.30(b) against each Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) against each Defendant; and

KAZEROUNI LAW GROUP, APC

- Such other and further relief as this Court should deem just and proper.

**DEMAND FOR TRIAL BY JURY**

54. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: November 12, 2026

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Ryan L. McBride
RYAN L. MCBRIDE, ESQ.
*Attorneys for Plaintiff*